## CODY v INDUST. COMM.

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3254. Decided Oct. 2, 1940.

L. C. Pretzman, and James Henderson, Columbus, for plaintiff-appellant.

Thomas J. Herbert, Attorney General, Columbus; E. P. Felker and A. B. Conn, Asst. Attys. Genl., Columbus, for defendant-appellee.

## OPINION

By HORNBECK, PJ.

This is an appeal on questions of law from a judgment in behalf of defendant-appellee.

Plaintiff's cause of action arises out of an application presented to the defendant asserting that while in the employ of Sam Katz and Phil Katz, doing business as the Katz Company, and in the course of that employment on the 23rd of July, 1938, suffered an accidental injury as a result of which he was totally disabled which condition was subsisting at the time of the application.

The Commission denied the application both originally and on rehearing.

An appeal was prosecuted to the Common Pleas Court and cause presented to a jury which returned a verdict in favor of the defendant. Motion for new trial was interposed and overruled and judgment entered on the verdict from which judgment this appeal is prosecuted.

The issues between the parties were two:

(1) Was the plaintiff injured in the course of his employment as he asserts in his petition?

(2) Were the physical effects of which plaintiff complains the result of the injury which he asserts he suffered or were they referable to another cause?

The record discloses sharp conflict in the testimony on both of the controverted questions. The plaintiff claims and offers testimony tending to prove that in the place of the Katz Brothers on the date set forth in his petition between the hours of three and four o'clock in the afternoon he alone was lifting a bale of rags weighing approximately 1200 pounds off a truck; that the weight of the bale caused his body to be twisted and wrenched his back as a result of which he went that evening to his home where he was confined to his bed for several days and that thereafter he was unable at any time to carry on any gainful employment. Plaintiff testified that for a week prior to his injury he had been working alone and that the particular job which he was doing at the time he was injured properly required the assistance of another man.

Plaintiff is corroborated in his statement of the time, place and manner of occurrence of the accident by a fellow employee, William Penn.

As against the testimony of plaintiff and his witness, Penn, another employee of Katz Brothers, John Huff, testified that he never saw Cody handle any bales by himself, that on the day in question Mr. Cody was not working alone but that he, Huff, was assisting him at all times that he was loading and unloading trucks. He further states that Penn left his employment at noon on the day of plaintiff's claimed injury and that he was not in the factory in the afternoon between three and four o'clock, and further that Cody left the plant at the same time as the witness; that he gave no evidence of strained back and that he did not know of any such claim until the following Monday morning.

Samuel Katz, testifying for the State, said that it was physically impossible for Penn to see the plaintiff at the place where he and Penn say plaintiff was standing when injured; that he could not handle a bundle of rags weighing as much as 1200 pounds.

The second question is the subject of most of the arguments of counsel in their respective briefs.

The defendant undertook to show that the physical effects of which plaintiff complained could be and were caused not by any physical injury which he suffered but as the result of a gonorrheal infection and much of the record is given over to testimony on this subject. We have carefully read the medical testimony and if the judgment depended upon the question whether or not the plaintiff suffered from gonorrhea, and that the effects of which he complained were caused by it, we would be in serious doubt.

Dr. Carter, who examined the plaintiff within a week after the claimed injury, says a physical examination revealed a discolored, swollen and bruised area which the doctor diagnosed as a wrenched back. He stated that he also found some urethritis which was noninfectious; that the condition found was attributable to the fall caused by unloading the heavy bundle.

Dr. A. S. Canowitz at the request of Mr. Katz examined Cody on August 6; 1938. Said that he complained of pain in his back. There was slight tenderness over the lower lumbar muscles and that there was present a urethral discharge and an epididymitis; that the discharge was of an infectious nature. The witness made his examination purely from visual observation and without the assistance of a smear or miscroscope.

Dr. S. J. Goldstein later examined the plaintiff and said that the pain in his back was caused by urethritis and epididymitis.

Dr. J. E. Hoberg, an urologist, testified that he examined plaintiff on June 30, 1939, to determine whether or not he was suffering from gonorrhea; that upon specific examination from smears, blood complement, fixation test, they were found to be negative for gonorrhea but that he did find staphylococcus infection. The witness said that the presence of stapyhlococcus infection was no proof that the plaintiff did or did not formerly have gonorrhea and that he might have suffered from gonorrhea and without treatment it would have cleared up in four months.

Dr. T. R. Fletcher examined the claimant for the Commission and it was stipulated that he would have testified that he had examined the plaintiff and made X-Rays of the dorsolumbar spine and made the finding that said region was negative for pathology.

The physical facts which Dr. Carter said that he found at the time that he first examined the plaintiff, namely, the swollen, discolored, bruised back, could not, in our judgment, be the consequence of or related to a gonorrheal infection. So that, if the theory of the defense is accepted the statements of Dr. Carter as to the condition of the back above set forth must be ruled out. Likewise the statement of several lay witnesses as to the appearance of plaintiff and his back on the evening of the date of the claimed injury and soon thereafter must be disregarded. So that, notwithstanding the elaborate and extended evidence which was made by the defense to relate the plaintiff's injury to a gonorrheal infection, we are not at all satisfied that the record requires such conclusion and in affirming this judgment we have some doubt as to the correctness thereof. However, because of the issues which were for the jury to determine and especially the first, rather than the second, which could have been resolved either for or against the plaintiff, we are of opinion that the judgment must be permitted to stand.

There is another error urged, namely, that the Court should have charged the jury generally that the injury which plaintiff suffered hastened his disability so that it was brought about sooner than it would have been as a result of the normal progress of the infection from which he was suffering at the time of the injury, thenthe plaintiff was entitled to recover. We do not believe that the plaintiff had the right to have this theory of this case presented to the jury, in any event in the general charge. His case was grounded upon the claim that his disability was directly caused and solely resulted from the injury which he suffered while unloading the bale of rags. He at all times denied that he was suffering from any gonorrheal infection and all of his testimony on the subject was in support of that denial. He made no claim in his petition of aggravation of an existent condition and the Court was not required, in our judgment, to frame such an issue in his behalf.

The judgment will be affirmed.

GEIGER & BARNES, JJ., concur.